[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (Pleading No. 194)
County Federal Savings Loan Association, which is one of eight defendants in this case, has moved to strike counts 8, 9, and 13 on the grounds the bank does not come within the express and implied warranty provisions of the New Home Warranties Act, Gen. Stat. 47-116 et seq., and the implied warranty provisions of the Condominium Act, Gen. Stat.47-74e. The bank has also moved to strike counts 11 and 16 on the ground the Connecticut Unfair Trade Practices Act does not apply to banks. I have denied the motion to strike.
First, the defendant bank claims that the New Home Warranties Act does not apply to its activities. The New Home Warranties Act applies to vendors. The bank contends it is not a vendor within the meaning of the act. A vendor is defined in 47-116 as including "any person engaged in the business of erecting or creating an improvement on real estate . . . ." In paragraph ten of counts 8, 9, and 13, of their amended complaint, the plaintiffs have alleged the following: "all of the defendants acted together in a joint enterprise to design, construct, finance and sell the condominiums to the Connecticut general public for their respective mutual profit." Under this allegation, the plaintiffs may offer evidence to prove that the bank acted as more than just a lending institution. If the plaintiffs prove the bank engaged in the business of erecting or creating an improvement on real estate, the bank would come within the definition of a vendor. Consequently, the plaintiffs have alleged a sufficient factual basis to assert claims under the New Home Warranties Act.
Second, the defendant bank claims that the Condominium Act does not apply to a bank which has acted as a lender. Section 47-74e creates implied warranties which run from the CT Page 2644 declarant and from the contractor, subcontractors, and suppliers. A declarant is defined in 47-68a(m) as "the person or persons who execute the declaration or on whose behalf the declaration is executed."
Paragraph 10 of the 9th count alleges that all the defendants acted together in a joint enterprise to design, construct, finance and sell the condominiums. This allegation sets forth a sufficient factual basis to establish that the declaration was executed on behalf of the bank. Thus, the plaintiffs have sufficiently alleged a claim under the Condominium Act.
Finally, the defendant bank claims that the Connecticut Unfair Trade Practices Act, Gen. Stat. 42-110a et seq., is not applicable to banks. There are conflicting trial court opinions on this issue. Since CUTPA is a remedial statute and should be construed liberally, I adopt the view expressed in Weisman v. Westport Bank Trust Co., 12 C.L.T. No. 23, p. 29 (Superior Court, April 30, 1986, Zoarski, J.) and hold that CUTPA does apply.
The Motion to Strike is denied.
GEORGE N. THIM, JUDGE